[Civil No. 4098.   Filed July 1, 1940.]

[103 Pac. (2d) 955.]

ARIZONA STATE TAX COMMISSION, Appellant, v. TUCSON GAS, ELECTRIC LIGHT AND POWER COMPANY, a Corporation, Appellee.

Mr. Joe Conway, Attorney General, and Mr. Allan K. Perry, Special Assistant Attorney General, for Appellant.

Messrs. Darnell, Pattee & Robertson and Messrs. Snell & Strouss, for Appellee.

LOCKWOOD, J.—In our recent opinion, handed down June 17, 1940, in passing on the question as to whether interest on additional assessments of federal income taxes was properly deductible from the gross income of the taxpayer for state income tax purposes, we held that it was not deductible for the reason that interest which the taxpayer must pay on delinquent taxes is not, in the true sense of the word, a tax but a penalty, and penalties for a violation of law are not properly deductible.

Counsel for the taxpayer and the commission have since appeared before us and agreed that such interest is a proper deduction and have requested that we modify our opinion accordingly, pointing out that the original opinion was based upon the case of *Biles* v. *Robey*, 43 Ariz. 276, 30 Pac. (2d) 841, 845, wherein we held that the "interest, penalties and costs" imposed for a failure to pay a state property tax were in reality penalties, and urging that interest on an additional federal income tax is not a penalty but true interest, within the reasoning of the case cited.

Counsel for appellee in their brief claimed that the rule of *Biles* v. *Robey*, *supra*, did not apply to interest on federal income taxes, but did not point out the reason why it did not, and the matter was not discussed in the oral argument.

In view of the fact that counsel have agreed the decision of this court on this point was erroneous, we have concluded to re-examine the question. In *Biles* v. *Robey*, *supra*, we held in agreement with almost all of the authorities on the subject that

"where the original taxes themselves are not regarded as debts upon which legal interest is collectible in the

absence of a statute authorizing it, that any additional payment required by the legislative authority after a tax has become delinquent, is no part of the tax itself, as interest is a part of the ordinary loan, but is a penalty which is merely a part of the procedure used by the state for the purpose of collecting the tax.''

The test was stated to be whether the taxes were regarded as a debt in the ordinary sense of the term upon which interest would run, even in the absence of a special statute to that effect. Under the statutes of Arizona in regard to the collection of delinquent property taxes, the tax is not a debt in the true sense of the word, for no remedy exists against the owner personally, nor is he liable in an action of debt. The tax is a lien upon specified property and can be collected only out of the proceeds of that property. It appears, however, that under the federal decisions a federal income tax is a true debt, and that interest paid thereon is interest on a debt, and is deductible from income under the federal law. *United States* v. *Childs,* 266 U. S. 304, 45 Sup. Ct. 110, 69 L. Ed. 299; *Price* v. *United States,* 269 U. S. 492, 46 Sup. Ct. 180, 70 L. Ed. 373; *United States* v. *Jaffray,* (8 Cir.) 97 Fed. (2d) 488.

The judgment is further modified by allowing the deduction of interest paid on additional federal income taxes, and as modified is affirmed.

ROSS, C. J., and McALISTER, J., concur.