## Payne's Estate

*Gunnison, Fish, Gifford & Chapin,* for appellant.

*Franklin B. Hosbach* and *H. Robert Fischer,* for Commonwealth.

WAITE, P. J., July 14, 1943.—Decedent died testate November 10, 1942. The will names The National Bank & Trust Company of Erie, Pa., as the executor of the estate, and after. making certain pecuniary bequests gives, devises, and bequeaths the remainder of the estate to testator's two sons, F. Dana Payne and Calvin N. Payne, II. Decedent's personal estate was inventoried and appraised at the sum of $403,359.22.

In fixing the value of the estate for the purpose of determining the amount of the Pennsylvania inheritance tax, the estate has claimed as a deductible debt of decedent his personal Federal income tax for the year 1942 up to the date of his death on November 10th of that year, amounting to $17,089.17. This deduction the Commonwealth has refused to allow, and the matter is now before the court on appeal on behalf of the estate.

The statutory direction as to what deductions shall be allowed in determining the value of an estate for the computation of the Pennsylvania inheritance tax is contained in the Transfer Inheritance Tax Act of June 20, 1919, P. L. 521, as amended by the Act of June 24, 1939, P. L. 721, 72 PS §2302, the applicable portion of which is as follows:

"All taxes imposed by this act shall be imposed upon the clear value of the property subject to the tax . . . In ascertaining the clear value of such estates, the only deductions to be allowed from the gross values of such estates shall be the debts of the decedent, reasonable and customary funeral expenses . . ."

The question here involved is whether or not the personal Federal income tax of the decedent up to the date of his death is a deductible debt. This precise

question, so far as appears, has never been determined in any court in Pennsylvania. That such deductions have always been allowed by the Inheritance Tax Department in Pennsylvania is alleged and not denied. Of course, it does not necessarily follow that such deductions are legal, and that is the precise question which we are now called upon to determine.

Webster defines the word "debt" as "that which is due from one person to another . . . obligation, liability;" also as "the name of a common law action for the recovery of a specific sum of money alleged to be due, or . . . of a sum that can be ascertained by simple computation."

The payment of a Federal income tax on his 1942 income was unquestionably an obligation of Mr. Payne arising out of his American citizenship and the jurisdiction of the Federal tax laws over his income. The 1942 revenue act fixing the income tax obligation of all American citizens was approved October 21, 1942. Between January 1, 1942, and November 10, 1942, Mr. Payne received income upon which was assessable an income tax of $17,089.17, as clearly indicated by the testimony of Mr. George W. Kunz, trust officer of the National Bank & Trust Company of Erie, one of the appellants. The amount of income earned by decedent and the tax payable thereon was ascertainable from decedent's records, and was actually computed by the executors.

The principal contention of the Commonwealth at the argument seemed to be that the amount of the tax was not exactly ascertainable on November 10, 1942, because, although the United States Internal Revenue Act was passed and approved, it might have been changed before the end of the year, and therefore the amount of this indebtedness could not be exactly determined. The revenue law, however, was not changed, and the amount of the tax was exactly computed; and

even if the claimed deduction was not fully liquidated at the date of decedent's death, but later ascertained, it would not thereby lose its quality as a debt and as a proper deduction. The amount of the tax was exactly determinable by simple computation and was afterwards so determined. Even had the Federal income tax law been amended prior to the date for payment of the tax, its amount still would have been exactly determinable for deduction as a "debt" in the computation of the Pennsylvania inheritance tax on the estate.

In Watson's Estate, 23 D. & C. 669 (1935), there was a disputed deduction arising out of a bank stock assessment which was not liquidated at the time of the decedent's death. It was, however, later liquidated and paid by the executors. The court held that this was a deductible debt of the estate.

A direct authority contrary to the Commonwealth's position is found in Cochran's Executor & Trustee v. Commonwealth, in the Kentucky Court of Appeals, 44 S. W. (2d) 603, 78 A. L. R. 710 (1931). The court's opinion reciting the facts and conclusions of law is as follows (p. 606) :

"At the date of the death of John Cochran, a federal income tax for the current year was assessable. It was necessary for the executor to make a report of the income and to pay a federal tax thereon. It is argued by the commonwealth that such tax is not a deductible debt under the statute which provides that the deduction shall be made of taxes 'accrued and unpaid.' The argument for the commonwealth is that the federal income tax has not accrued until it is collectible by action, or by some coercive process. The argument obviously is inconsistent with our conclusion as to the date when the property is to be valued for a calculation of the tax. The word 'accrued' has various meanings. As used in the statute in question, it plainly

means to allow deductions for fixed tax obligations to be paid out of the estate.

"The tax has accrued within the meaning of the statute when the right to it has vested, and the liability for it has become fixed, although it may not be due or payable, or its payment may not be compelled, until a later date. . . . It follows that the lower court was in error in denying the deduction of the amount of the federal income tax for which the estate was liable."

In Nieman's Estate, 230 Wis. 23, 283 N. W. 452, 455, it is held that generally, as in bankruptcy, receivership, and Federal estate tax proceedings, a tax due to the United States is a "debt" as respects the right of deduction in computing State inheritance tax. See also, to the same effect, Arizona State Tax Commission v. Tucson Gas, Electric Light & Power Co., 55 Ariz. 519, 103 P. (2d) 955, 956; Foulke et al. v. C. Pardee Works, 35 Fed. Sup. 734, 736; Price, Receiver, v. United States, 269 U. S. 492.

The income tax return filed for Mr. Payne by his executors for the year 1942 was not filed until February 10, 1943, but the return was merely a report of the income and did not itself create an obligation to pay any tax thereon. What created the liability was the receipt of the income and not the report of it, or the statutory right to enforce collection.

We are clearly of opinion that the personal Federal income tax of Mr. Payne up to the time of his death on November 10, 1942, was a "debt" under the Pennsylvania inheritance tax statutes, deductible from the amount of his estate in determining the amount upon which the State inheritance tax is to be computed.

### Order

And now, to wit, July 14, 1943, the appeal is allowed and the Federal income tax for the year 1942 to the date of decedent's death on November 10, 1942,

amounting to $17,089.17, is allowed as a deductible debt, in determining the clear value of the estate upon which the Pennsylvania inheritance tax is to be computed.