[No. 35154.   Department One.   April 7, 1960.]

ESTHER I. HANSON, *Appellant*, v. ELMER C. HANSON, *Respondent.*[1]

[1]Reported in 350 P. (2d) 859.

*Loney, Westland & Koontz* and *White & White*, for appellant.

*Tonkoff, Holst & Hopp*, for respondent.

MALLERY, J.—This is an appeal from an order of the trial court entered in favor of the defendant in a show cause proceeding.

The appellant and respondent were married in 1947. At that time, the appellant had separate property, which she had inherited from her deceased first husband, that was valued at about two hundred thousand dollars. It consisted chiefly of wheat lands in Benton county. The respondent, who had very little property of his own, had farmed this land until the time of the divorce in 1957.

At the time of the division of the property in the divorce decree, there were sixty-six thousand dollars of known community debts, and, upon that basis, the community property had a net value of $89,460, which was divided equally between the parties.

The language of the decree of divorce with which we are here concerned reads:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff be and she hereby is granted judgment against the defendant vesting in her, free and clear of encumbrances to the defendant except as herein specifically provided, all of the following described real and personal property . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the indebtedness of the parties found to be in the sum of $66,000.00 shall be an obligation of the plaintiff and as between the parties hereto will be paid by plaintiff. Any other or further indebtedness not disclosed at the time of the trial of this action to be subject to the further order of the Court, and

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the

defendant is entitled to judgment against the plaintiff in the amount of $44,980.00 payable as follows:

"$12,250.00 on or before August 5, 1957,

"$10,000.00 on or before September 1, 1958, and

"$22,730.00 on or before September 1, 1959 . . .

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that subsequent to the date of the trial of this action each of the parties shall pay his or her own debts, obligations and expenses."

The question presented by this appeal arises out of the fact that, subsequent to the decree of divorce from which no appeal was taken, the Internal Revenue Service (a) levied a tax deficiency assessment against both parties for 1954 when they filed separate returns; (b) levied a tax deficiency assessment against the parties jointly for the year 1956 when they filed a joint return; and (c) assessed civil fraud penalties against the respondent.

The appellant paid her separate assessments, and the joint 1956 assessment in the amount of $22,341.02. She then had served upon her a notice of levy by the Internal Revenue Service which stated that the respondent owed the sum of $32,358.87 as back taxes and as civil fraud penalties for 1954. The notice further stated:

" . . . all sums of money or other obligations owing from you to this taxpayer are hereby levied upon and seized for satisfaction of the aforesaid tax, . . . and demand is hereby made upon you for the amount necessary to satisfy the liability set forth herein, or for such lesser sum as you may be indebted to him, to be applied as a payment on his tax liability."

Obviously these tax claims became known subsequent to the decree of divorce. They related, however, to a period during the existence of the community. The decree did not purport to contain a general direction covering such a contingency other than its futile attempt to retain jurisdiction over the property division. It must, therefore, be treated as being silent upon the question of the income taxes herein in question.

The court's order in the show cause proceeding directed the appellant to pay all of the community income tax lia-

bilities and *also* to pay the respondent the balance of the sums provided for in the decree.

■ The appellant assigns this as error and contends that she is entitled to set off against the property settlement payments one half of the amount of the income tax which she paid for the year 1956 and the amount for which she is liable to the Internal Revenue Service by reason of its levy upon her for the respondent's income taxes and penalties for the year 1954. Her contention is sound.

■ In this proceeding, the court cannot change the terms of the divorce decree. Its jurisdiction extends only to the enforcement of it. The provision in the decree that "Any other or further indebtedness not disclosed at the time of the trial of this action to be subject to the further order of the Court" must, accordingly, be treated as mere surplusage. We have held that the court did not have the power to retain jurisdiction over property settlements because of RCW 26.08.110. It provides, *inter alia*:

". . . Such decree . . . as to the . . . division of property shall be final and conclusive upon both parties subject only to the right to appeal as in civil cases, . . ."

In *Cassutt v. Cassutt,* 126 Wash. 17, 217 Pac. 35, we interpreted this statute as follows:

"In the face of the language of that statute, which needs no interpretation, the trial court is deprived of authority to retain jurisdiction over the . . . division of the property . . . no appeal having been taken, by including a provision to retain jurisdiction."

■■ The decree did not make any provision for the tax indebtedness in question. The rights of the Internal Revenue Service would not have been affected by the divorce decree, in any event. Such a decree can adjudicate only rights relating to debts and taxes *as between the parties.* When the decree does not attempt even to do this, the parties become joint debtors as to undisclosed obligations. This is because in a divorce action the court cannot adjudicate the rights of creditors who are not parties to the action. After a divorce, creditors can, of course, collect

community debts from either party as joint obligors. Payment of a joint debt by a joint obligor will sustain an action for contribution. *Proff v. Maley*, 14 Wn. (2d) 287, 128 P. (2d) 330; 18 C. J. S. 12, Contribution, § 9; 13 Am. Jur. 32, Contribution, § 35.

It is not disputed that the appellant paid the 1956 joint income tax deficiency assessment in full in the amount of $22,341.02. Accordingly, she is entitled to contribution in the amount of $11,170.51, which should be set off against her property settlement obligation.

The record is not clear as to the exact amount of contribution to which the appellant is entitled as to the 1954 income tax deficiency assessments on the community income for which separate returns were made. Appellant paid the deficiency assessed against her separate income tax return for 1954, but the record does not reveal the amount of that deficiency. In any event, the total amount of community income tax for 1954 was a community obligation and became a joint obligation after the divorce.

It is, therefore, necessary to remand the cause to the trial court for the taking of further evidence in order to ascertain the amount of contribution to which appellant is entitled by reason of the deficiency assessment for the year 1954.

The total amount of the 1954 deficiency should include the actual amount which was assessed as underpayment, all penalties assessed for filing of false returns, and any interest accruing up to the date of the divorce. After that date, all interest accruing on either party's share of the deficiency is a separate obligation.

The order is reversed and remanded to the trial court with directions to fix the amount which remains unpaid under the terms of the property division in the divorce decree. This amount is to be ascertained by allowing a setoff to the appellant in the amount to which she is entitled as contribution from the respondent by reason of having paid $11,170.51 on his behalf on the 1956 deficiency, plus that amount which exceeds one half of the 1954 deficiency

assessment, which she shall be required to pay by reason of the Internal Revenue Service levy.

The appellant shall recover her costs.

WEAVER, C. J., DONWORTH, OTT, and HUNTER, JJ., concur.