480 P.2d 1020

**Homer H. WINE, aka Terrence Wine, Appellant,**

v.

**Inez C. WINE, Appellee.**

**I CA–CIV 1345.**

Court of Appeals of Arizona, Division 1.

Feb. 23, 1971.

Rehearing Denied March 17, 1971.

Review Denied April 27, 1971.

Cunningham, Goodson, Tiffany & Weltsch, P. A. by James P. Cunningham, Michael E. Hurley and James H. Keppel, Phoenix, for appellant.

Lewis & Roca, by John P. Frank and Paul G. Ulrich, Phoenix, for appellee.

KRUCKER, Chief Judge.

This is an appeal involving a show cause action subsequent to a divorce decree. Appellant was the defendant in both the divorce action and the show cause action; appellee, the plaintiff in both. The parties will be referred to as they appeared below. A decree of divorce was entered on October 7, 1964. There had been a property settlement agreement, dated October 1, 1964, entered into prior to the divorce decree, which property settlement was incorporated into the decree.

In 1964, the parties operated a business known as the Phoenix Food Lockers, Inc. The defendant was president and the major shareholder of this business. From January 1, 1964, to the date of the divorce decree, income in the amount of approximately $56,000 was derived by the parties from the business. Defendant, in filing a separate income tax return for the year 1964, reflected income of approximately $28,000, that being approximately one-half of the total income of the parties derived from the business. Plaintiff also filed a separate income tax return for that year, not including her one-half share of the income, $28,000, earned from the business. The Internal Revenue Service assessed plaintiff in the approximate sum of $7,500 as tax deficiencies, interest and penalties for her share of the 1964 income (one-half of the $56,000 not reported by the defendant).

In June of 1969, plaintiff petitioned for an order to show cause as to why the defendant should not pay the $7,500 tax deficiency assessment, plus attorney's fees, costs and interest. The order to show cause was heard in September, 1969, and after findings of fact and conclusions of law were filed by the trial court, judgment was entered on December 17, 1969, ordering the defendant to pay to the plaintiff $7,712.23 for outstanding income tax, interest, and penalties thereon, plus the sum of $2,067 for plaintiff's legal fees and costs, and $180 travel expenses. This appeal is from that judgment.

The first question raised is whether the trial court erred in concluding that the deficient income taxes, interest and penalties, on community income earned prior to the divorce, but not reported by the plaintiff, were a community obligation, assumed, and therefore payable, by the defendant pursuant to the property settlement agreement. The appeal also raises the questions of whether the court has jurisdiction to order the defendant to pay the items mentioned, and if the court abused its discretion in ordering the defendant to pay the plaintiff's attorney's fees.

The initial question is the duty of the defendant-husband to pay the wife for income taxes, interest and penalties, on community income earned before their divorce, where their property settlement agreement called for the husband to pay "all community debts."[1] Property ac-

---

1. The language of the property settlement agreement in this case.

quired by either spouse during marriage, except by gift, devise, descent or earned by the wife or her minor children while she lives separate from the husband, is community property. A.R.S. § 25–211 (1956). The $56,000 amount in question here, as well as each $28,000 portion thereof, would thereby be community property or income. Community debts include those contracted by the husband in furtherance of community affairs and by the wife for necessaries for herself and her children during the marriage. Keplinger v. Boyett, 6 Ariz. App. 514, 433 P.2d 1006 (1967); A.R.S. § 25–215 (1956). Clearly, community debts contracted during marriage may be satisfied from community income or property. A.R.S. § 25–216, subsec. B (1956). Divorce courts are required to divide community property at the time of a divorce on a just basis. A.R.S. § 25–318, subsec. A (Supp.1970). Failure to do so creates a tenancy in common in the community property not divided by the court. A.R.S. § 25–318, subsec. G (Supp.1970). The court has a wide discretion in this division. Hanner v. Hanner, 95 Ariz. 191, 388 P.2d 239 (1964). In a division of community property in a divorce action, the divorce decree of the trial court, which, as here, has not been appealed from, is conclusive that the distribution of community assets was fair and equitable. Berman v. Thomas, 41 Ariz. 457, 19 P.2d 685 (1933); Ellsworth v. Ellsworth, 5 Ariz.App. 89, 423 P.2d 364 (1967). A property settlement agreement must be actually incorporated into the divorce decree to be enforceable, as was done here, and this incorporation can be made by reference. Wright v. Stidham, 95 Ariz. 316, 390 P.2d 107 (1964). Such a divorce decree cannot be modified, except in cases where alteration of judgments is generally provided for by law, Srock v. Srock, 11 Ariz.App. 483, 466 P.2d 34 (1970), such as fraud. Bates v. Bates, 1 Ariz.App. 165, 400 P.2d 593 (1965).

The appeal at bar is unique in that to sustain the trial court's ruling on the first issue before us, we must determine that the tax obligations for one-half of the community income are to be paid as community obligations within the property settlement agreement between the parties. We have so determined. While we feel that the instant question can be disposed of without a specific holding that income taxes, penalties, and interest, are community debts per se, in that, when a property settlement agreement specifies that the husband shall pay "all community debts," it means generally all those obligations incurred during a marriage for the community or by virtue of the community property or income, Wilson v. Wilson, 33 Cal.2d 107, 199 P.2d 671 (1948), there are certain authorities which would indicate that taxes on community income and the incidents thereto, are clearly community obligations. 1 de Funiak, Principles of Community Property § 241 (1943); Baca v. Village of Belen, 30 N.M. 541, 240 P. 803 (1925). The Arizona Supreme Court has called federal income taxes true debts. Arizona State Tax Comm. v. Tucson Gas, Electric Light and Power Co., 55 Ariz. 519, 103 P.2d 955 (1940).

In the *Wilson* case, supra, the language of the California Supreme Court is particularly helpful in determining the proper disposition of the question here:

> "We think it unnecessary to undertake to enunciate a strict legal definition of 'community debts'; the question here, as we view it, seems to be more one of fact, or construction of language, than one of law. The words appear to have been used in this proceeding, not as 'words of art,' but simply in general reference to the type of obligations which the trial court, when it rendered the interlocutory decree, found that defendant should pay *in order to accomplish a just division of the community property.*" 199 P.2d at 674.

We hold that the trial court properly ruled that the defendant-husband must pay the taxes, interest and penalties on the wife's share of the community income in view of the general provision in the property settlement agreement that he pay "all community debts."[2]

2. See Note 2 on page 106.

Had there been no such provision in the property settlement agreement before us, we would hold that the tax obligations here were those of the wife and payable by her, in that where no general provision for community obligations is included in the property settlement agreement, the liabilities are properly apportioned between the parties. Ellsworth v. Ellsworth, supra. The *Ellsworth* case carefully points out that where there is no provision in the property settlement agreement for the general obligations of the community, such obligations shall be apportioned equally between the former husband and wife, under the doctrine of contribution. The *Ellsworth* opinion cites a Washington Supreme Court decision, Hanson v. Hanson, 55 Wash.2d 884, 350 P.2d 859 (1960), which held that a tax claim relating to a period during the existence of the marriage was to be properly apportioned where the divorce decree made no valid, general provision for such a situation. The *Ellsworth* and *Hanson* cases support the theory of our decision here in reasoning that *a general provision for community obligations* is necessary to do other than apportion the obligations between the parties. Where a cause of action resulting in a $5,000 judgment in favor of the husband was unknown to the parties, and of course not referred to in the property settlement agreement, the proceeds were properly apportionable between the parties, where the basis of that cause of action was community property. Schwartz v. Durham, 52 Ariz. 256, 80 P.2d 453 (1938). *Schwartz* is in keeping with the statutory rule that community property not divided by a decree at the time of a divorce is held as a tenancy in common. A.R.S. § 25–318, subsec. G. *Ellsworth* and *Hanson*, supra, stand for a logical extension of that rule,

to the effect that liabilities are similarly equally divisible among the parties. It should be noted that liability for tort in furtherance of the community's interest has been held to be a community obligation in Arizona. Howe v. Haught, 11 Ariz. App. 98, 462 P.2d 395 (1969); Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957).

The defendant's second contention here is that the trial court's order for the defendant to pay the amount in question to the plaintiff was jurisdictionally defective as based on a petition to show cause as opposed to a complaint for a money judgment. The correctness of the judgment here is indicated by *Srock*, supra, a case very similar in its procedural aspects to the instant case. This contention is without merit.

The defendant's last contention is that the trial court erred in ordering the defendant to pay the plaintiff's attorney's fees. The first reason defendant gives for this contention is that the trial court lacked jurisdiction, as urged in his second contention. Since we have found that the trial court had jurisdiction with regard to the judgment here, it follows that the first reason given by the defendant is not valid.

The attorney's fees granted the wife here, both for the bringing of the action for the tax obligations and for services of attorneys in dealing with the Internal Revenue Service, were occasioned by defendant's actions. We find no abuse of discretion on the part of the trial court in this regard.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

2. If we decided the case at bar in the manner urged by counsel for the defendant, it would result in the plaintiff receiving approximately $12,500 net, $20,- 000 less approximately $7,500 in tax obligations, pursuant to the divorce decree, while the property settlement agreement called for her to receive $20,000.