498 P.2d 468

**Kenneth K. KAMRATH, Appellant,**

v.

**Anna KAMRATH, Appellee.**

**No. 2 CA–CIV 1146.**

Court of Appeals of Arizona,
Division 2.

June 28, 1972.

Rehearing Denied July 27, 1972.

Review Denied Sept. 26, 1972.

Johnson, Hayes, Morales & Stompoly by Raymond F. Hayes, Tucson, for appellant.

Merchant, Lohse & Bloom by Cliffton E. Bloom, Tucson, for appellee.

KRUCKER, Chief Judge.

Plaintiff-appellee, Anna Kamrath, filed a complaint for divorce. The case was tried to the court, sitting without a jury, and plaintiff was granted a divorce. The decree awarded alimony of $1,100 per month to the plaintiff and part of the community property of the parties valued at approximately $107,000. On appeal, appellant-husband challenges the property and alimony awards.

## PROPERTY DIVISION

Under A.R.S. § 25–318, subsec. A, as amended, the trial court may make such division of property upon divorce as seems "just and right." It is not required to divide the property equally, only equitably, and has wide discretion in this regard. Armer v. Armer, 105 Ariz. 284, 463 P.2d 818 (1970); Nace v. Nace, 104 Ariz. 20, 448 P.2d 76 (1968); Wine v. Wine, 14 Ariz.App. 103, 480 P.2d 1020 (1971); McClennen v. McClennen, 11 Ariz.App. 395, 464 P.2d 982 (1970). Appellate courts do not interfere with the trial court's determination unless there has been a manifest abuse of discretion. Nace v. Nace, supra.

The wife was awarded the parties' residence in Tucson, subject to all liens and

encumbrances (estimated equity of $30,000), their household furnishings (replacement cost estimated at $10,000), a 1964 Chevrolet, two life insurance policies on the husband's life (cash surrender value of $5,000), certain promissory notes which produce $75.00 per month income ($12,000 value), and real properties in Milwaukee, Wisconsin, with a ready market value of $50,000.

The approximate total value of the property awarded the wife would be $107,000 ($30,000 home, $10,000 household goods, notes of $12,000, life insurance worth $5,000, and $50,000 property in Milwaukee). A December 31, 1969 financial statement in evidence showed a net worth of $237,988.78, and at the trial in 1971, the husband testified that this amount was probably an understatement of the current position. Thus we see that the value of the property awarded the wife is less than half the estimated net worth, and we are unable to say that this division constituted an abuse of discretion.

## ALIMONY AWARD

The most important function of alimony is to provide support for the wife as nearly as possible at the standard of living she enjoyed during marriage. In determining the reasonableness of the award, criteria to be considered include the financial condition and needs of the wife, the wife's ability to produce income and the husband's ability to provide support for the wife. Nace v. Nace, 107 Ariz. 411, 489 P.2d 48 (1971); Kennedy v. Kennedy, 93 Ariz. 252, 379 P.2d 966 (1963). As to alimony awards, our review is likewise limited to the inquiry of whether the trial court abused its discretion. Kennedy v. Kennedy, *supra*.

The record reflects that continuance of the wife's standard of living, according to her, would require a monthly income of $1,800. The income-producing potential of the proceeds of a sale of the Milwaukee property would be $250 per month—six percent interest on $50,000. Her net monthly salary of $360, together with this $250, the $75 monthly income from the promissory notes awarded to her, and $1,100 alimony total $1,785.

The trial court apparently concluded that the husband was able to provide $1,100 per month support. The husband, however, contends that at the time of trial his monthly gross salary was only $1,000 and his annual net income for the preceding six years had averaged less than $8,000. It would appear that the trial court was not impressed with the husband's "modest income" argument in view of his substantial net worth ($237,000) and a manner of living which belied this claim, i. e., a $50,000 home and an airplane. The evidence reflects an earning power which would justify the sum awarded to the wife as alimony.

We find no merit in appellant's argument that the trial court's "taking into consideration mortgage obligations of the Plaintiff" in awarding alimony is the same as requiring him to make payments to a third party for the benefit of the wife. These obligations were just one of several factors considered by the court in determining a reasonable amount of alimony. The court's specific reference to this matter indicates only the court's awareness of the wife's mortgage obligations and that any loss occasioned by a mortgage foreclosure would be the wife's and not the husband's.

Finding no abuse of discretion as to the property and alimony awards, we do not interfere.

Affirmed.

HATHAWAY and HOWARD, JJ., concur.