[No. 1131-1. Division One—Panel 2. October 2, 1972.]

Lois Sessions, *Appellant,* v. Sherman Sessions, *Respondent.*

*Cook, Flanagan & Berst, Charles G. Flanagan* and *Jerry H. Landeen,* for appellant.

Farris, A.C.J.—The parties were divorced by a decree entered July 3, 1968. It is not disputed that their circumstances had changed sufficiently by December, 1970 to justify a modification of the husband's obligation to support the minor child of the parties. The sole question on appeal is whether the trial court erred in ordering the following modification to the divorce decree:

> Defendant's obligation to make further payments on the mortgage owed on the family home and property previously awarded to plaintiff is hereby suspended.

It is unclear from the record whether, by the ruling, the trial judge intended to cancel defendant's obligation to pay off the mortgage which encumbered the family home, or merely to insulate the defendant from a charge of contempt for failure to make mortgage payments.

The obligation placed upon Mr. Sessions at the time of the divorce to pay the $8,000 mortgage indebtedness concerned the division of property. It was final and conclusive upon both parties subject only to the right to appeal as in civil cases. *See* RCW 26.08.110 and *Hanson v. Hanson,* 55

Wn.2d 884, 350 P.2d 859 (1960). Provisions in a divorce decree regarding the payment of community indebtedness are dispositions of property rights which become fixed at the time of the decree. They are not a proper subject for modification and can be challenged only by appeal. *Messersmith v. Messersmith,* 68 Wn.2d 735, 415 P.2d 82 (1966).

The cause is remanded for entry of an order consistent with this opinion.

JAMES and SWANSON, JJ., concur.