596 P.2d 719

Ivan James BUTTRAM,
Petitioner/Appellee,

v.

Lana Valine BUTTRAM,
Respondent/Appellant.

No. 2 CA–CIV 3159.

Court of Appeals of Arizona,
Division 2.

May 1, 1979.

Rehearing Denied June 13, 1979.

Joseph H. Soble, P. C., by Joseph H. Soble and Dan Montgomery, Tucson, for petitioner/appellee.

M. E. White, Tucson, for respondent/appellant.

## OPINION

HOWARD, Judge.

In this appeal the wife claims the trial court erred in its division of the community property and in the amount awarded for spousal maintenance. We agree as to the division of the property and also vacate the spousal maintenance award but for reasons other than those advanced by the wife.

The nature and value of the community property is not in dispute and the amounts involved are modest. The husband was awarded the family residence together with the furniture and furnishings therein. The wife was awarded a Volkswagen automobile and the husband was ordered to pay the bank the balance due on it.[1]

The parties' equity in the home and furniture was estimated at $12,822. The Volkswagen awarded to the wife was valued at $5,000. The amount still owed on it was $2,700. No value was ascribed to a washer, dryer and utensils that were awarded to the wife. Deducting the amount of the debt on the Volkswagen from the equity in the home and furniture, the husband was awarded community assets of $10,122 and the wife was awarded assets of $5,000. In other words, the husband received 66⅔ per-

---

1. Appellant states in her opening brief that the husband was ordered to pay the community debts. On inspection, the only debt mentioned in the decree is that due and owing on the Volkswagen.

cent of the value of the community assets and the wife received 33⅓ percent.[2]

At the time of trial, the 28-year-old wife was working approximately 20 hours per seek as a governess and cleaning lady, earning approximately $360 per month. She is a high school graduate but has no special skills. She was trying to go back to school in order to acquire some job skills. The husband works in the construction industry and his average net pay is $1,291.84 per month. He was awarded custody of the parties' minor child.

When the trial court divided the community property and awarded spousal maintenance, it stated in open court:

"It's further ordered that petitioner shall pay as spousal maintenance the sum of one hundred dollars per month for a period of two years, and this amount of spousal maintenance is awarded in view of the unequal division of community property.

\* \* \* \* \* \*

. . . the car will be paid off and she will be paid at a rate of a hundred dollars a month for two years spousal maintenance because of the uneven distribution of the community property.

Because otherwise I wouldn't require any financial support or any spousal maintenance. I'm awarding spousal maintenance in lieu of any interests in the property primarily because within a period of a year or two, hopefully, she will have acquired some type of training that will make it so that she can get better jobs than what she is now doing. That's the reason for the unequal disposition of property and spousal maintenance."

The wife contends the division of community property was not equitable. She also contends the spousal maintenance award was inadequate and that the trial court should not have set a two-year limit on its payment. The husband argues that the property division was equitable both be- cause the amount awarded for spousal maintenance was really in place of an award of community property and, also, because he was given custody of the parties' minor child.

■ We commence with basics. The trial court in a dissolution proceeding is not required to divide the community property exactly equally. *Kamrath v. Kamrath*, 17 Ariz.App. 394, 498 P.2d 468 (1972). However, it cannot, without reason, create a gross disparity or make its award arbitrarily. Sound discretion means that, in the absence of sound reasons appearing in the record which justify contrary results, the apportionment of the community estate upon dissolution must be substantially equal. *Hatch v. Hatch*, 113 Ariz. 130, 547 P.2d 1044 (1976); *Lindsay v. Lindsay*, 115 Ariz. 322, 565 P.2d 199 (App.1977).

■ Furthermore, it is clear that the term "alimony", or in this case "spousal maintenance", does not contemplate the settlement of property interests between the husband and the wife. It should not be awarded if it is not necessary for the spouse's support and maintenance. *Norton v. Norton*, 101 Ariz. 444, 420 P.2d 578 (1966). Awarding alimony (spousal maintenance) is not a justification for failing to properly divide the community property. *Nace v. Nace*, 6 Ariz.App. 348, 432 P.2d 896 (1967), vacated on other grounds, 104 Ariz. 20, 448 P.2d 76 (1968).

■ We can find no reason in the record before the trial court at the time it made its order which justifies the unequal distribution of the community property. The husband cites *Anonymous v. Anonymous*, 106 Ariz. 284, 475 P.2d 268 (1970), as support for this unequal division. We find this case inapposite as the issue there was whether the trial court erred in awarding the home to the wife instead of to the husband and ordering him to pay the wife her equity. That is not the issue here.

■ The inequality is brought into sharp focus by the trial court's substitution of

---

**2.** The record shows that the parties also owned as community property a 1977 Ford 4-wheel drive vehicle and $25.00 in a savings account. They owed Valley National Bank $6,800 on the vehicle, which apparently exceeds its value. The decree made no disposition of this property.

spousal maintenance for a more nearly equal distribution. If the husband dies, or if the wife remarries, the spousal maintenance would terminate. *Fye v. Zigoures*, 114 Ariz. 579, 562 P.2d 1077 (App.1977).

The order dividing the community property and awarding spousal maintenance is vacated and set aside. The trial court is ordered to divide the community property equitably[3] and consider what amount of spousal maintenance, if any, the husband should pay.

RICHMOND, C. J., and HATHAWAY J., concur.

---

3. Values are to be determined as of the time of trial and any sums received by the wife for spousal maintenance under the decree are to be credited toward her share of the community property.