NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ANDREW DEANE GRAV, *Petitioner/Appellee,*

*v.*

AMY LYNN GRAV, *Respondent/Appellant.*

No. 1 CA-CV 21-0017 FC
FILED 9-23-2021

Appeal from the Superior Court in Maricopa County
No. FN2019-090361
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Berkshire Law Office PLLC, Tempe
By Keith Berkshire, Alexandra Sandlin
*Counsel for Petitioner/Appellee*

Davis Miles McGuire Gardner PLLC, Tempe
By Spencer T. Schiefer
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Cynthia J. Bailey and Judge Maria Elena Cruz joined.

---

**P E R K I N S**, Judge:

¶1        Amy Grav ("Wife") challenges the superior court's division of property and denial of spousal maintenance in its decree of dissolution. For the following reasons, we affirm the division of property but vacate the decree as to Wife's eligibility for spousal maintenance and remand for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

¶2        We view the evidence in the light most favorable to sustaining the decision below. *Cullum v. Cullum*, 215 Ariz. 352, 354, ¶ 9 (App. 2007). Andrew Grav ("Husband") and Wife married in September 2002, in South Dakota. Wife struggled through various physical and mental health conditions during the marriage. She lost her job in 2003 because of a traumatic brain injury. Wife's doctors diagnosed her with autoimmune disorders in 2003, but she remained able to work. She underwent electroconvulsive treatments and began taking Effexor, a benzodiazepine prescription. She also experienced severe depression and anxiety.

¶3        Wife began taking another benzodiazepine prescription, Klonopin, after a finger surgery "went bad." Wife reported increased anxiety and depression after experiencing mycoplasma pneumonia, a respiratory infection, in 2016. She later claimed to have developed hypersensitivity to foods, medications, and sunlight.

¶4        Husband petitioned to dissolve the marriage in January 2019. After Husband served Wife with the divorce petition, she returned to South Dakota. A South Dakota circuit court appointed Wife's mother to serve as her guardian and conservator. In her pretrial statement, Wife requested–among other things–$3,000 in monthly spousal support for 12 years and to keep one of the parties' two dogs.

¶5        The court granted Husband's request for Wife to undergo an independent medical evaluation under Arizona Rule of Family Law Procedure 63. The parties selected Dr. Flynn to perform a forensic

psychiatric evaluation. Flynn diagnosed Wife with major depressive disorder (recurrent, severe, and with mood-congruent psychotic features), generalized anxiety disorder, somatic symptom disorder (persistent and severe), and unspecified personality disorder. Flynn also opined that Wife's diagnoses appear to substantially impair major life activities and "appear[] to limit her functioning and capacity for employment at the present time and the foreseeable future."

¶6      The superior court held a one-day dissolution trial. Husband testified that Wife generated most of the parties' income during the marriage. He also testified that Wife struggled to care for herself, so she should not be responsible for either dog. Wife testified that she had not worked since the parties moved to Arizona. Wife denied that a doctor had ever told her that her conditions precluded her from working. She also stated that she ordinarily cared for the dogs during the marriage because Husband's job required him to travel.

¶7      The superior court found that "Wife has mental health and other health concerns that may have led to her addiction to prescription drugs." And her mental conditions "have impaired her function and perhaps her ability to work and be self-sufficient." After noting that Wife is appealing the denial of her disability benefits claims, the court found that wife can work "but for her mental conditions" and denied her request for spousal maintenance. The court equally divided the parties' community property but awarded both dogs to Husband, finding it in the dogs' best interests not to separate them. Wife timely appeals and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶8      Wife argues the court erred by finding her ineligible for spousal maintenance and by awarding both dogs to Husband. We review rulings on spousal maintenance and the apportionment of community property for an abuse of discretion. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 14 (App. 1998).

## I.      Spousal Maintenance

¶9      Before awarding spousal maintenance, the superior court must first determine whether the requesting spouse is statutorily eligible. *In re the Marriage of Cotter*, 245 Ariz. 82, 85, ¶ 7 (App. 2018). Statutory eligibility requires a spouse to meet any one of five enumerated grounds: (1) lacks sufficient property to provide for their reasonable needs; (2) cannot be self-sufficient through appropriate employment, is a custodian to a child

whose age or condition is such that the custodian should not have to seek employment outside the home, or lacks earning capacity to be self-sufficient; (3) made significant financial contributions to the other spouse's educational opportunities or career; (4) had a marriage of long duration and whose age may preclude gaining adequate employment; or (5) curtailed their income or career opportunities to the other spouse's benefit. A.R.S. § 25-319(A). If a spouse is statutorily eligible, then the court must consider the parties' relevant circumstances to determine whether to grant an award. *Cotter*, 245 Ariz. at 85, ¶ 7.

¶10 Wife argues the superior court abused its discretion by finding she failed to establish statutory eligibility for spousal maintenance. She contends she: (1) lacked sufficient property to meet her reasonable needs; (2) cannot be self-sufficient through employment; and (3) made significant contributions to Husband's career and earning ability.

¶11 Many of the superior court's findings centered on Wife's ability to work and be self-sufficient. After describing Wife's medical history, the court found that "Wife's mental conditions have impaired her function and perhaps her ability to work and be self-sufficient." This finding suggests Wife cannot be self-sufficient by seeking and maintaining employment. *See* A.R.S. § 25-319(A)(2). The court then found that Wife could work "were it not for her mental conditions" and that insufficient evidence linked her mental conditions to the marriage. Nothing in the record provides a timeline for when Wife's mental conditions will subside. Flynn reported that Wife's "chronic psychiatric disorders appear[] to limit her functioning and capacity for employment at the present time and the foreseeable future." The court cannot simply discard the conditions that prevent Wife from working and being self-sufficient. And § 25-319(A)(2) does not require a spouse's physical or mental conditions to be caused or exacerbated by the marriage. *See id.* Given its explicit findings that Wife cannot work due to her mental conditions, the court abused its discretion by finding Wife ineligible for spousal maintenance under § 25-319(A)(2).

¶12 Because Wife is eligible for spousal maintenance under § 25-319(A)(2), we need not consider whether she is also eligible under the remaining subsections. *See Cotter*, 245 Ariz. at 86, ¶ 10. We take no position on whether an award is warranted after consideration of § 25-319(B); such determinations lay within the discretion of the superior court. On remand, the superior court must consider the relevant factors, balance the equities between the parties, and exercise its discretion regarding any award. *See* A.R.S. § 25-319(B).

**II.          Property Apportionment**

**¶13**          Wife argues the superior court "unequally divided the community property" because it awarded the parties' two dogs to Husband. "Although the family court must divide [the] community and jointly held property equitably upon dissolution of the marriage, a substantially equal division is not required if a sound reason exists to divide the property otherwise." *In re Marriage of Flower*, 223 Ariz. 531, 536, ¶ 18 (App. 2010). Wife only challenges the decree's division of property related to the dogs but otherwise concedes that the court equally divided the parties' property. The record contains no evidence indicating whether either dog had monetary value. The court's decision to not award Wife one of the dogs reflects its duty to equitably divide the property and we find no abuse of discretion. *See Kamrath v. Kamrath*, 17 Ariz. App. 394, 394 (App. 1972).

**¶14**          She also contends the superior court erred in applying a best interests' analysis to determine whether to separate the dogs. Although the court used the phrase "best interest" in the decree, the court did not make best interests' findings as is necessary in family and juvenile cases. *See* A.R.S. § 25-403; *see also Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150, ¶ 12 (2018); *see also Foor v. Smith*, 243 Ariz. 594, 600, ¶ 23 (App. 2018) (dogs are not children). The court did not err by articulating its findings in this manner.

**CONCLUSION**

**¶15**          We vacate, in part, the decree of dissolution as to Wife's eligibility for spousal maintenance and remand the matter for further proceedings consistent with this decision. We have considered the financial resources of both parties and award Wife, as the prevailing party on appeal, attorneys' fees and costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA