608 P.2d 785

**In re the Marriage of Neil S. and Stella FOSTER.**

**Neil S. FOSTER, Appellant,**

**v.**

**Stella FOSTER, Appellee.**

**No. 1 CA–CIV 4172.**

Court of Appeals of Arizona, Division 1, Department B.

Feb. 5, 1980.

Rehearing Denied March 12, 1980.

---

Udall, Shumway, Blackhurst, Allen, Bentley & Lyons, by Dennis P. Blackhurst, Steven H. Everts, Mesa, for appellant.

Callahan, Morrison, Cathcart & Gorman by W. Dennis Gorman, Jr., Tempe, for appellee.

## OPINION

GREER, Judge.

The sole issue raised by this appeal is whether the trial court erred in awarding a greater share of the community property to the wife in lieu of spousal maintenance.

The parties were married in 1947 and had no children. The husband is an airline pilot earning approximately $67,000 per year. The wife had been trained as a registered nurse but had not worked for several years. As of the time of trial she was not currently certified. The only real issues at the trial were the distribution of community property and the award, if any, of spousal maintenance.

The total dollar value of the community property involved was approximately $382,000 which consisted mainly of the family residence and household furnishings, automobiles, bank accounts, investments and the husband's retirement plan with Western Airlines. The trial court divided the retirement benefits between the parties proportionately to the number of years they were married. The total distributions, including the respective shares of the retirement plan were $238,958.84, or approximately 63 percent to the wife and $142,917.67 or approximately 37 percent to the husband. The trial court disposed of the spousal maintenance question in the final paragraph of the decree:

> In view of the distribution of property set forth above, and in the evidence adduced, neither party is entitled to spousal maintenance by the other.

Appellant argues that the award of nearly two-thirds of the community property of the parties in lieu of spousal maintenance is in error. We agree.

A.R.S. § 25–318 governs the division of community property:

> . . . [The court] shall also divide the community, joint tenancy, and other property held in common equitably, though not necessarily in kind, without regard to marital misconduct.

This section has been interpreted by the Arizona Supreme Court to require a substantially equal distribution between the parties except where sound reason dictates otherwise. *Hatch v. Hatch*, 113 Ariz. 130, 547 P.2d 1044 (1976).

The cases where disproportionate awards have been affirmed, and where sound reasons for a substantially unequal distribution were found, are few. *E. g., Fong v. Fong,* 121 Ariz. 298, 589 P.2d 1330 (App.1978) (substantially unequal distribution of community property affirmed where wife allowed her husband to believe that she had been dead for several years while he accumulated a large amount of community property); *Neely v. Neely,* 115 Ariz. 47, 563 P.2d 302 (App.1977) (substantially unequal distribution of community property affirmed where husband spent substantial amounts of community property to enhance his separate property, and concealed $35,000 worth of community assets from his wife); *Ivancovich v. Ivancovich,* 24 Ariz.App. 592, 540 P.2d 718 (1975) (substantially unequal distribution of community property affirmed where one spouse made substantial expenditures of separate property for community purposes). The courts of this state have held that, absent a sound reason to do otherwise, the community estate must be divided substantially equally. *See, e. g. Hatch v. Hatch, supra,* (unequal contribution of labors in acquiring community property insufficient); *Provinzano v. Provinzano,* 116 Ariz. 571, 570 P.2d 513 (App.1977), (failure to award wife a share of the husband's community retirement fund an abuse of discretion); *Lindsay v. Lindsay,* 115 Ariz. 322, 565 P.2d 199 (App.1977) (failure to award wife any proceeds from the sale of a community airplane an abuse of discretion). The question then becomes, is an award of a substantially greater share of the community assets appropriate as a substitute for an award of spousal maintenance? We hold that it is not.

The statutory preconditions for the award of maintenance are set forth in A.R.S. § 25–319(A):

A. In a proceeding for dissolution of marriage or legal separation, or a proceeding for maintenance following dissolution of the marriage by a court which lacked personal jurisdiction over the absent spouse, the court may grant a maintenance order for either spouse only if it finds that the spouse seeking maintenance:

1. Lacks sufficient property, including property apportioned to such spouse, to provide for his or her reasonable needs; and

2. Is unable to support himself or herself through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to support himself or herself.

In both the distribution of community property and in awarding spousal maintenance the trial court has very broad discretion. *Burkhardt v. Burkhardt,* 109 Ariz. 419, 510 P.2d 735 (1973); *Pyeatte v. Pyeatte,* 21 Ariz.App. 448, 520 P.2d 542 (1974). The judgment of the trial court will not be reversed except where there has been a clear abuse of this discretion. *O'Connor v. O'Connor,* 16 Ariz.App. 599, 494 P.2d 1344 (1972).

■ We start with the assumption that the trial court did not abuse its discretion in concluding appellee was entitled to an award of spousal maintenance. Appellee had not worked for several years and was not certified in her profession at the time the award was entered. Appellant was well able to pay a reasonable sum for her support. We also recognize however, that under these same circumstances, if the appellant had sufficient property with which to meet her needs, an award of maintenance was inappropriate. *Lindsay v. Lindsay, supra; Porreca v. Porreca,* 8 Ariz.App. 394, 446 P.2d 500 (1968). The trial court, in recognizing this last principle, erroneously concluded that appellant could properly be awarded a substantially greater share of the community property in lieu of spousal maintenance.

■ The interest of a spouse in his or her share of the community property is immediate, present and vested. *Hatch v. Hatch, supra.* Unlike the spouse's right in the community property, any right to spousal maintenance is dependent upon the

factors set forth in A.R.S. § 25–319 and may vary from time to time with the needs of the receiving spouse and the ability of the other to pay. *See Oppenheimer v. Oppenheimer*, 22 Ariz.App. 238, 526 P.2d 762 (1974)

The award of a greater share of the community assets in this case as a substitute for spousal maintenance undesirably precludes future modification of maintenance payments if the condition of the parties changes, A.R.S. § 25–327(A), and deprives appellant of a substantial portion of his share of the community property without statutory authorization for doing so. Although A.R.S. § 25–319(A) permits the trial court to deny spousal maintenance where the spouse has sufficient assets, the converse is not true. The award of a greater share of community property as a substitute for maintenance is tantamount to a fixed award. It ignores the respective spouses' needs and ability to pay, and deprives the trial court of any flexibility to respond to the parties' changing economic circumstances. Although it is somewhat possible to predict the future needs of the spouses, some degree of flexibility should be maintained. As Division Two of this Court recently noted in *Buttram v. Buttram*, 122 Ariz. 581, 596 P.2d 719 (App.1979) with an award of a greater share of the community property in lieu of spousal maintenance, this flexibility is lost:

> If the husband dies, or if the wife remarries, the spousal maintenance would terminate. (Citation omitted).

*Id.* at 583, 596 P.2d at 721.

We hold therefore that the trial court abused its discretion in awarding a greater share of the community property to appellee as a substitute for spousal maintenance. The judgment is reversed and remanded for further proceedings consistent with this opinion.

EUBANK, P. J., and FROEB, J., concur.

NOTE: The Honorable D. L. Greer, Apache County Superior Court Judge, was authorized to participate by the Chief Justice of the Arizona Supreme Court pursuant to Arizona Const. art. VI, § 3.