NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

ANTHONY RYAN CORDOVA, *Petitioner/Appellant*,

*v.*

MELANIE ANNE CORDOVA, *Respondent/Appellee*.

No. 1 CA-CV 14-0803 FC
FILED 11-10-2015

Appeal from the Superior Court in Maricopa County
No. FC2013-096217
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Kirk Smith Attorney at Law, Chandler
By Kirk D. Smith
*Counsel for Petitioner/Appellant*

David Dick and Associates, Chandler
By David A. Dick
*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

---

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Peter B. Swann joined.

---

**J O N E S**, Judge:

**¶1**        Anthony Cordova (Father) appeals the trial court's award of spousal maintenance to Melanie Cordova (Mother), as well as the court's order setting a parenting time schedule for their teenage child (Child).  We affirm for the reasons set forth below.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Father and Mother married in November 1999 and separated in August 2013.  Father petitioned for dissolution of the marriage in November 2013.  The parties agreed in advance of trial on all but two issues: spousal maintenance and a parenting time schedule.  Mother sought a spousal award of $1,000 per month for ninety months, while Father claimed Mother was not entitled to any spousal maintenance.  Father sought a parenting time schedule under which he and Mother would have approximately equal parenting time.  Mother proposed a schedule under which she would have Child on Mondays, Tuesdays, and Wednesdays; Father would have Child on Thursdays and Fridays; and the parties would alternate parenting time on weekends.

**¶3**        Following a bench trial, the trial court issued a dissolution decree under Arizona Rule of Family Law Procedure 81(A) ordering Father to pay spousal support of $500 per month for thirty-six months and entering a parenting time order similar to that proposed by Mother.  Father timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[2] and -2101(A)(1).

---

[1]        We view the facts in the light most favorable to upholding the trial court's decisions.  *See Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984) (citing *Rossi v. Stewart*, 90 Ariz. 207, 209 (1961)).

[2]        Absent material changes from the relevant date, we cite a statute's current version.

**DISCUSSION**

## I. Spousal Maintenance

¶4            Father argues the trial court erred in awarding spousal maintenance and in setting the amount and duration of the award. We review the court's award of spousal maintenance for an abuse of discretion. *Leathers v. Leathers*, 216 Ariz. 374, 376, ¶ 9 (App. 2007) (citing *In re Marriage of Berger*, 140 Ariz. 156, 167 (App. 1983)).

### A.     The Trial Court Did Not Abuse its Discretion in Awarding Spousal Maintenance.

¶5            Father first contends Mother waived any claim to spousal maintenance by agreeing to a division of the community property that purportedly left her unable to meet her needs. We disagree.

¶6            The trial court may award spousal maintenance if the spouse seeking it "[l]acks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs." A.R.S. § 25-319(A)(1); *see also Gutierrez v. Gutierrez*, 193 Ariz. 343, 348, ¶ 17 (App. 1998) (noting spousal maintenance may be awarded where any one of the four factors listed in A.R.S. § 25-319(A) is present) (citing *Elliott v. Elliott*, 165 Ariz. 128, 136 (App. 1990)). Our supreme court has held an increased spousal maintenance award cannot justify depriving the spouse of his right to an equitable division of community property. *See Koelsch v. Koelsch*, 148 Ariz. 176, 182 (1986) (citing *Buttram v. Buttram*, 122 Ariz. 581, 582 (1979)). Nor may a greater share of community property substitute for spousal maintenance. *In re Marriage of Foster*, 125 Ariz. 208, 210-11 (App. 1980)). Thus, the court need not consider whether or not Mother agreed to the division of community property because "property division and spousal maintenance are two separate and distinct considerations at dissolution." *Koelsch*, 148 Ariz. at 182 (citing *Foster*, 125 Ariz. at 210).

¶7            Father next argues the record does not support the trial court's finding that Mother did not have sufficient property to provide for her reasonable needs because she "has a job, a roof over [her] head, and [a] vehicle." However, the record supports the court's order. Mother testified she had been forced to borrow money to make ends meet and had been living with her sister because she was unable to pay rent. Mother also testified she received an eviction notice from her prior residence after Father moved out. Further, both parties agreed that there was little, if any, community property of value and that the vehicle Mother received in the property settlement was worth $5,000 to $9,000 less than the outstanding

loan balance owed against it. Therefore, the court did not err in finding Mother qualified for an award of spousal maintenance under A.R.S. § 25-319(A).

### B. The Trial Court Did Not Err in Setting the Amount and Duration of Spousal Maintenance.

**¶8** In setting the amount and duration of spousal maintenance, the trial court must consider the relevant factors enumerated in A.R.S. § 25-319(B). *See Leathers*, 216 Ariz. at 377, ¶ 10. In considering these factors, the court should balance Arizona's public policy of promoting the spouse's diligent effort to become self-sustaining with "some realistic appraisal of the probabilities that the receiving spouse will in fact subsequently be able to support herself in some reasonable approximation of the standard of living established during the marriage." *Rainwater v. Rainwater*, 177 Ariz. 500, 503 (App. 1993) (citations and internal quotations omitted).

**¶9** Father asserts the spousal maintenance award should be diminished because he and Mother have similar backgrounds, experience, and income. Additionally, he asserts the trial court's finding that he will make $66,000 this year is "bloated" and not supported by the evidence presented to the court. The court did find Father and Mother have similar employment and academic backgrounds; however, the income figures are supported by Father's own testimony that he was on track to make $66,000 and Mother was on track to make $34,000. Even if contradictory evidence were presented, we will not disturb findings of fact supported by evidence in the record. *See Tyson v. Tyson*, 61 Ariz. 329, 333 (1944). Furthermore, the court indicated it considered Arizona's public policy of promoting Mother's diligent effort to become self-sustaining when it found that, "[u]ltimately, Mother should be able to equal Father's earning ability as she has the same academic background and is employed in the medical field."

**¶10** Father also argues Mother's calculation of the amount and duration of spousal maintenance is "clearly in error" because she "utilized the 'old Maricopa County guidelines spousal support worksheet.'" Father's argument is without merit for two reasons. First, the trial court did not award spousal maintenance per Mother's calculation; it awarded her significantly less. *See supra* ¶¶ 2-3. Second, the court's decree lists only the

factors enumerated in A.R.S. § 25-319(B) and does not indicate it considered any other factors or guidelines in calculating spousal maintenance.[3]

¶11 Indeed, the trial court's decree illustrates an exhaustive consideration of the thirteen statutory factors, listing and making a factual finding as to each before setting the spousal maintenance award amount and duration. We find no error in the court's analysis and defer to its broad discretion in calculating the amount and duration of the award. *See Pullen v. Pullen*, 223 Ariz. 293, 298, ¶ 22 (App. 2009) (citing *Ruskin v. Ruskin*, 153 Ariz. 504, 507 (1987), and *In re Marriage of Hinkston*, 133 Ariz. 592, 593 (App. 1982)).

## II. Parenting Time

¶12 To determine parenting time, the trial court must consider the factors enumerated in A.R.S. § 25-403(A) in accordance with the child's best interests and make specific findings on the record as to each relevant factor. *See Hart v. Hart*, 220 Ariz. 183, 185-87, ¶¶ 9-14 (App. 2009). The court abuses its discretion if it fails to make the requisite findings in an order or on the record. *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 11 (App. 2015) (citing *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 11 (App. 2013)).

¶13 Father argues the trial court erred in making a best interests finding because it disregarded his testimony that under his proposed schedule, Child would be able to foster a relationship with the child of Father's girlfriend. But the court is only required to comment on relevant factors, *Hart*, 220 Ariz. at 185, ¶ 9, and Father offered no evidence to suggest that Child had any relationship with the other child or when specifically the other child would be present. Father also admitted he was willing to accept any schedule that gave him equal parenting time with Child.

¶14 Father also argues the trial court erred in finding he was incapable of caring for Child during his proposed parenting time and that he was "abrasive and hostile in his communications with Mother." Father

---

[3] Assuming *arguendo* that the trial court did consider the guidelines, Father cites no authority showing that doing so alongside the statutory factors would be error. Indeed, our case law suggests otherwise. *See Cullum v. Cullum*, 215 Ariz. 352, 356, ¶¶ 19-21 (App. 2007) (approving trial court's consideration of the Maricopa County Superior Court Spousal Maintenance Guidelines where it "considered and applied the Guidelines consistent with the statutory factors" and did not use the Guidelines as "the sole basis for its determination of the amount or the duration of the award").

misreads the decree. The court did not find Father would be incapable of caring for Child during his proposed parenting time; rather, it adopted a schedule similar to Mother's proposed schedule because (1) Child reportedly preferred it over Father's proposal, (2) it was similar to the parties' previous parenting time agreement under which Child was doing well in school and his other activities, and (3) both parents would continue to have substantial and meaningful parenting time with Child. Furthermore, although the court referenced Father's abrasive and hostile demeanor in its analysis of the parties' ability to cooperate in decision-making, it ultimately concluded the parties "have the ability to make joint legal decision making and substantially equal parenting time work well," indicating Father's hostility did not affect the court's determination.

¶15        Finally, Father challenges the trial court's finding that Child had "expressed his discomfort adjusting to Father's new relationship" with his girlfriend, claiming that "this was never substantiated directly or details given as to why [Child] was 'uncomfortable.'" Mother's testimony on this issue was vague, but Father did not object to it or explore her claims in cross-examination. Father therefore waived any objections to this testimony on appeal. *See Selby v. Savard*, 134 Ariz. 222, 228 (1982) ("The only objection which may be raised on appeal . . . is that made at trial."). Therefore, we find no error in the court's parenting time order.

## III. Attorneys' Fees and Costs on Appeal

¶16        Mother requests an award of attorneys' fees and costs, but does not cite any statutory basis for the award. *See In re Marriage of Kassa*, 231 Ariz. 592, 594, ¶ 7 (App. 2013) (declining to award attorneys' fees on appeal where the requesting party did not cite statutory basis for the award); ARCAP 21(a)(2) (authorizing the appellate court to decline to award fees on the basis that party failed to specifically state the authority for the request). Moreover, having considered the reasonableness of the parties' positions and their respective financial resources, we decline, in our discretion, to make an award under A.R.S. § 25-324(A) or (B). Mother is, however, as the prevailing party, awarded her costs on appeal upon compliance with ARCAP 21(b).

## CONCLUSION

¶17        For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: ama