NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

SANDY DOWNHAM, *Petitioner/Appellant*,

*v.*

RONALD DOWNHAM, *Respondent/Appellee*.

No. 1 CA-CV 16-0164 FC
FILED 7-25-2017

Appeal from the Superior Court in Maricopa County
No. FN2015-003178
The Honorable Stephen M. Hopkins, Judge

**REVERSED AND REMANDED**

COUNSEL

Bert L. Roos PC, Phoenix
By Bert L. Roos
*Counsel for Petitioner/Appellant*

Ronald Downham, Gilbert
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

---

**W I N T H R O P**, Judge:

¶1        Sandy Downham ("Wife") appeals from the decree dissolving her marriage to Ronald Downham ("Husband"). She argues the superior court abused its discretion by failing to award her spousal maintenance, military survivor benefits, and attorneys' fees. For the following reasons, we reverse and remand to the superior court.

## FACTS AND PROCEDURAL HISTORY

¶2        The parties were married for twenty-four years and have no minor children. At the time of dissolution, Wife was unemployed and attending college. Husband worked part-time as a college instructor. He also received military retirement pay of $3,315 per month.

¶3        Wife requested spousal maintenance of $1,800 per month for seven years, which she estimated was the time needed to complete her education and become a physical therapist. She also requested the superior court direct Husband to designate her as a former spouse beneficiary under the Armed Services Survivor Benefit Plan ("SBP"). Lastly, she requested attorneys' fees pursuant to Arizona Revised Statutes ("A.R.S.") section 25-324 (2017).[1]

¶4        Following trial, the superior court entered a decree dissolving the parties' marriage. The court denied Wife's request for spousal maintenance explaining that "in lieu of spousal maintenance," it was allocating a greater amount of community debt to Husband without requiring equalization from Wife. The court denied Wife's request for SBP coverage reasoning that "Husband's undisputed testimony is that Wife

---

[1]        We cite the current version of all applicable statutes unless revisions material to this decision have occurred since the events in question.

may not remain on this policy after the divorced is finalized."[2]  The court denied both parties' request for attorneys' fees.

**¶5**        Wife timely appealed from the decree, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(1) (2016).[3]

## ANALYSIS

   I.    *Spousal Maintenance*

**¶6**        Wife first argues the superior court erred by not awarding her spousal maintenance.  We review the court's ruling on spousal maintenance for an abuse of discretion.  *See In re Marriage of Berger*, 140 Ariz. 156, 167, 680 P.2d 1217, 1228 (App. 1983).  In doing so, we view the evidence in the light most favorable to sustaining the ruling.  *See Thomas v. Thomas*, 142 Ariz. 386, 390, 690 P.2d 105, 109 (App. 1984).

**¶7**        "[P]roperty division and spousal maintenance are two separate and distinct considerations at dissolution."  *Koelsch v. Koelsch*, 148 Ariz. 176, 182, 713 P.2d 1234, 1240 (1986) *(citing In re Marriage of Foster*, 125 Ariz. 208, 608 P.2d 785 (App. 1980)).  Property division is governed by A.R.S. § 25-318 (2017), which requires "a substantially equal distribution of community assets in the absence of a compelling reason to the contrary." *Kelly v. Kelly*, 198 Ariz. 307, 309, ¶ 7, 9 P.3d 1046, 1048 (2000).  Spousal maintenance is governed by A.R.S. § 25-319 (2017), which requires a two-step analysis.  *See Thomas*, 142 Ariz. at 390, 690 P.2d at 109.  The superior court first must determine whether the evidence supports that the requesting spouse:

---

[2]      In contrast to the decree, the Qualified Domestic Relations Order ("QDRO"), entered six months after the decree, states that if Husband predeceases Wife, "the survivor benefit already elected will commence" and prohibits Husband from revoking the "survivor benefit already elected."

[3]      Wife filed a motion to set aside/reconsider the decree, which the superior court denied.  Wife did not timely appeal from that order. Accordingly, this court lacks jurisdiction to review any issues arising from Wife's post-judgment motion.  *See In re Marriage of Thorn*, 235 Ariz. 216, 219, ¶ 10, 330 P.3d 973, 976 (App. 2014) (holding this court lacked jurisdiction to review issues set forth in an untimely amended notice of appeal).

    1.     Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs[;]

    2.     Is unable to be self-sufficient through appropriate employment . . . or lacks earning ability in the labor market adequate to be self-sufficient[;]

    3.     Contributed to the educational opportunities of the other spouse[;] or

    4.     Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.[4]

A.R.S. § 25-319(A). If the court finds evidence to support one of those four requirements, it must then consider the factors set forth in § 25-319(B) to determine the amount and duration of the award. *See Helland v. Helland*, 236 Ariz. 197, 203, ¶ 28, 337 P.3d 562, 568 (App. 2014).

¶8       "Increased spousal maintenance cannot justify depriving a spouse of his or her property right." *Koelsch*, 148 Ariz. at 182, 713 P.2d at 1240 (citation omitted). Similarly, an unequal award of community property cannot be made in lieu of spousal maintenance. *See Foster*, 125 Ariz. at 211, 608 P.2d at 788. In *Foster*, this court explained that an "award of a greater share of community property as a substitute for [spousal] maintenance is tantamount to a fixed award" because "[i]t ignores the respective spouses' needs and ability to pay, and deprives the trial court of any flexibility to respond to the parties' changing economic circumstances." *Id.* Likewise, this court has held that the amount of spousal maintenance cannot be adjusted to account for a community debt that was not appropriately allocated in a property settlement. *See Elliott v. Elliott*, 165 Ariz. 128, 137, 796 P.2d 930, 939 (App. 1990) ("Property settlements, spousal maintenance awards, and child support awards involve distinct considerations.").

---

[4]     Wife argues the superior court "erred in finding that a marriage of 24 years was one of 'intermediate duration.'" Even if the court had found the parties had a marriage of "long duration," § 25-319(A)(4) still would not apply because Wife was not of an age that would "preclude the possibility of gaining employment adequate to be self-sufficient." A.R.S. § 25-319(A)(4).

¶9         Here, the decree intertwines the issues of property division and spousal maintenance. The superior court justified its denial of spousal maintenance by making the following unequal division of community property and debt:

> THE COURT FINDS that the above allocation of the real and personal property, when considered with the division of debt, is not fair and equitable under the circumstances and that further adjustments are necessary. . . . Wife has received $4,000 more than Husband when considering the retirement cash value of life insurance. Wife is responsible for $22,986 less in community debt than Husband. However, the Court finds that if it were to order an equalization payment from Wife to Husband it would then be appropriate to award spousal maintenance since at that point Wife would be unable to meet her reasonable needs. In other words, in lieu of spousal maintenance the Court declines to require Wife to make an equalization payment to Husband.[5]

¶10         The court's order in this regard did not comply with Arizona law. Instead, the superior court should determine spousal maintenance based on the evidence as applied to the law as written in § 25-319. By awarding Wife a greater share of the community property (or a lesser share of debt) as a substitute for spousal maintenance, the court erred. *See Foster*, 125 Ariz. at 211, 608 P.2d at 788. Accordingly, we reverse and remand for the court to separately decide the issues of property division and spousal maintenance by application of the relevant statutes.

        II.     *Survivor Benefit Plan*

¶11         Wife next argues the superior court erred in finding she was not entitled to a survivor benefit under Husband's SBP. This court reviews issues of law *de novo*. *See In re Marriage of Pownall*, 197 Ariz. 577, 580, ¶ 7, 5 P.3d 911, 914 (App. 2000).

¶12         When Husband retired from the Navy in 2005, he named Wife as his SBP beneficiary. At trial, she asked the court to direct Husband to

---

5         In his supplemental brief on appeal, Husband asserts that "the disparity in responsibility for community debts" is only $12,535 because a portion of the debt allocated to both Husband and Wife related to specific property awarded to them separately.

designate her as a former spouse beneficiary under the SBP. Husband testified regarding SBP as follows:

> Husband: Since it's a survivor benefit, it should go to my survivor. And at the end of these proceedings, once the divorce is finalized, she will . . . no longer be my survivor.
>
> Husband's counsel: And who . . . would be your survivor?
>
> Husband: I would not have a survivor. Under this -- the way these are written, it can only go to my spouse as my survivor. That's the only one that I can designate. So I cannot designate anyone to be a survivor other than my spouse.[6]

¶13 The superior court denied Wife's request for SBP coverage based on "Husband's undisputed testimony . . . that Wife may not remain on this policy after the divorce is finalized." The court concluded that Wife's request was "not possible, even if this Court were to make such an order." Six months later, however, the superior court signed a QDRO, acknowledging Wife's entitlement to the survivor benefit and prohibiting Husband from revoking "the survivor benefit already elected."

¶14 Under federal law, a former spouse may receive a survivor benefit following the death of a service member. *See* 10 U.S.C. §§ 1447(9), 1448(b), (d). Moreover, a state family court may require a service member to elect SBP coverage for a former spouse as part of a dissolution proceeding. *See* 10 U.S.C. § 1450(f)(4); *see also Richards v. Richards*, 137 Ariz. 225, 227, 669 P.2d 1002, 1004 (App. 1983) (directing the superior court to require husband to change the beneficiary designation for the SBP from his current wife to his former wife).

¶15 Accordingly, the superior court erred in relying on Husband's testimony and finding that, as a matter of law, Wife's claim for SBP

---

[6] In a supplemental brief on appeal, Husband clarified his position, acknowledging that a service member "may elect to provide a survivor benefit for a former spouse" and that a court "has the authority to order the plan participant to elect such a benefit, but it is not mandatory."

coverage was not possible. We reverse the court's ruling on SBP coverage and remand to the superior court to consider Wife's request.[7]

### III. Attorneys' Fees

**¶16** Wife argues the superior court erred in denying her request for attorneys' fees and costs. She argues that she was entitled to an award based on the "disparate amount of income between the parties."[8] We review the superior court's ruling on attorneys' fees for an abuse of discretion. *See Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6, 333 P.3d 818, 821 (App. 2014) (citation omitted).

**¶17** Pursuant to A.R.S. § 25-324(A), the superior court may award attorneys' fees in a dissolution proceeding "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings[.]" Disparity in financial resources alone "does not mandate an award of fees." *Myrick*, 235 Ariz. at 494, ¶ 9, 333 P.3d at 821.

**¶18** In this case, we acknowledge both an apparent disparity in the parties' incomes and the superior court's discretion as to any award of attorneys' fees. Given that we are remanding the issues of spousal maintenance and survivor benefits, however, the superior court may also on remand reconsider the issue of attorneys' fees.

### CONCLUSION

**¶19** For the foregoing reasons, we reverse and remand to the superior court for reallocation of the community property and debt for a separate determination of spousal maintenance based on § 25-319. We vacate the court's finding that Wife is not eligible for SBP coverage and direct the court to consider her request. In doing so, we do not suggest a particular outcome nor do we direct additional evidentiary proceedings

---

[7] If, on remand, the court requires Husband to elect SBP coverage for Wife, then its order should address payment of SBP premiums.

[8] Wife has income of approximately $911 per month, which is her share of the military retirement. Husband's income is less clear. His share of the military retirement is $2,400 per month. He also has income from his job as a college instructor. His Affidavit of Financial Information reflects wages of approximately $1,500 per month. However, his pay stub reflects year to date income of $29,844 as of December 2015, which equates to wages of $2,487 per month.

unless the superior court determines they are necessary. *See Hart v. Hart*, 220 Ariz. 183, 187, ¶ 14, 204 P.3d 441, 445 (App. 2009).

**¶20** Wife requests her reasonable attorneys' fees on appeal pursuant to A.R.S. § 25-324. In the exercise of our discretion, we grant that request, as well as her costs incurred on appeal, subject to compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA