NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TRACEY STONE, *Petitioner/Appellant*,

*v.*

DAVID VAN STONE, JR., *Respondent/Appellee*.

No. 1 CA-CV 16-0178 FC
FILED 9-28-2017

Appeal from the Superior Court in Maricopa County
No. FN2015-000278
The Honorable Katherine M. Cooper, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Berkshire Law Office, PLLC, Phoenix
By Keith Berkshire, Megan Lankford
*Co-Counsel for Petitioner/Appellant*

Paula J. Burnstein, PC, Phoenix
By Paula J. Burnstein
*Co-Counsel for Petitioner/Appellant*

---

## MEMORANDUM DECISION

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Paul J. McMurdie and Judge Randall M. Howe joined.

---

**B R O W N**, Judge:

¶1      Tracey Stone ("Wife") appeals the superior court's decree of dissolution ending her marriage to David Van Stone, Jr. ("Husband"). For the following reasons, we vacate portions of the decree and remand for the court to determine if the parties' settlement agreement was fair and equitable and whether either party should be awarded attorney's fees.

### FACTS AND PROCEDURAL BACKGROUND

¶2      The parties married in 2013, divorced in 2016, and have no children together. During the marriage, the parties established a bar and grill restaurant ("Bar"). After Wife petitioned for dissolution, the Arizona Department of Liquor Licenses and Control cancelled the Bar's liquor permit, and the Bar closed.[1]

¶3      Early in the dissolution proceedings, the parties agreed to participate in private mediation. At the mediation, the parties signed a written agreement ("Agreement") pursuant to Arizona Rule of Family Law Procedure ("Rule") 69. The Agreement awarded Wife all the assets and liabilities associated with the Bar and directed her to make an equalization payment of $85,000 to Husband "in lieu of spousal maintenance."

¶4      Four days after the mediation, Wife moved to challenge the Agreement, alleging, *inter alia*, that she signed the Agreement under duress.[2] Husband filed a counter-motion to adopt the Agreement. The superior court scheduled a "status conference," stating it would "hear oral argument and take evidence" regarding the parties' motions.

---

[1]      The Bar was operating under an interim permit pending review of its liquor license application.

[2]      After retaining counsel, Wife moved to amend her motion to challenge the Agreement, which the superior court granted.

¶5            At the status conference, Wife's counsel moved to admit documentary evidence but the superior court did not allow it. Instead, the court directed counsel to explain the legal basis for setting aside the Agreement. Husband, however, was permitted to offer unsworn "testimony" regarding the Bar and his allegation that Wife had "wasted" business assets.

¶6            Thereafter, the court denied Wife's motion and granted Husband's counter-motion, concluding Wife failed to "present admissible evidence that the Agreement 'does not constitute an equitable distribution of the community assets.'" Without taking evidence, the court concluded that (1) the Bar was profitable, (2) Wife sold the liquor license for $75,000, (3) Wife "spent $105,000 from the business funds on personal expenses," and (4) Wife "appropriated $22,000 from business liquor sales." Finally, the court concluded that "[b]ased on counsels' avowals of what the evidence would show, the Court finds the Agreement to be fair and equitable under the circumstances."

¶7            Thereafter, Wife moved to amend pursuant to Rule 83, which the superior court denied. The court then entered a decree of dissolution adopting the parties' Agreement, and in a separate judgment awarded attorney's fees to Husband in the amount of $2,050. Wife timely appealed.

## DISCUSSION

¶8            We review the superior court's distribution of marital property for an abuse of discretion. *See Sharp v. Sharp*, 179 Ariz. 205, 209 (App. 1994). "An abuse of discretion exists when the trial court commits an error of law in the process of exercising its discretion." *Fuentes v. Fuentes*, 209 Ariz. 51, 56, ¶ 23 (App. 2004). An abuse of discretion also exists when "the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence" to support the court's decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999) (citation and quotation omitted).

¶9            In a dissolution proceeding, the parties may settle all property rights by agreement between themselves and, "in the absence of fraud or undue influence, such an agreement is binding upon the parties." *Keller v. Keller*, 137 Ariz. 447, 448 (App. 1983); *see also* Ariz. R. Fam. Law P. 69(A) (providing that an agreement between the parties shall be valid and binding if it is in writing or if the terms of the agreement are set forth on the record before the court). An agreement is binding on the superior court unless the court finds it to be "unfair":

> In a proceeding for dissolution of marriage or for legal separation, the terms of the separation agreement, except those providing for the support, custody and parenting time of children, *are binding on the court unless it finds*, after considering the economic circumstances of the parties and *any other relevant evidence produced by the parties, on their own motion or on request of the court, that the separation agreement is unfair*.

Ariz. Rev. Stat. ("A.R.S.") § 25–317(B) (emphasis added). Under Arizona Revised Statutes ("A.R.S.") section 25–317(B), the court has a duty to independently determine whether the agreement is fair and equitable before incorporating it into the decree and to consider all "relevant evidence produced by the parties" in doing so. A.R.S. § 25–317(B); *Sharp*, 179 Ariz. at 211.

¶10 In *Sharp*, the parties signed a settlement agreement providing for the distribution of community property. *See* 179 Ariz. at 207. The husband then filed a motion for summary judgment/motion to enforce, asking the court to incorporate the agreement into a final order. *Id.* at 208. The wife opposed the motion, asserting the agreement "was unfair and the result of undue influence and overbearing tactics" by the husband. *Id.* The superior court granted the husband's motion and entered a decree finding that the agreement was "not unfair." *Id.*

¶11 On appeal, this court reversed and remanded for further proceedings:

> [I]n this case there were plainly disputed facts on the question of the fairness of the agreement, and the court was presented no evidence as to the extent of the community assets. Although the dissolution decree states that the parties' agreements are not unfair, *neither the decree nor the court's minute entry granting summary judgment contains any basis on which the court could have made such a determination and, indeed, there is no evidence in the record on which such a conclusion could be based*.

*Id.* at 210 (emphasis added).

¶12 Here, Wife argues the superior court abused its discretion in finding the Agreement fair and equitable because the record does not include any evidence supporting the court's finding. She also asserts the

court "was required to independently determine the fairness of the Agreement."[3]

¶13        The Agreement awarded Wife the Bar along with its associated assets and liabilities.  In return, Wife was required to make "an equalization in the amount of $85,000" to Husband that was purportedly "in lieu of spousal maintenance."  The superior court had an obligation to independently determine whether these provisions were fair and equitable before incorporating them into the decree.  *See Sharp*, 179 Ariz. at 210.  In making that determination, the court was required to consider "the economic circumstances of the parties and any other relevant evidence produced by the parties" concerning those disputed facts.  A.R.S. § 25–317(B).

¶14        The record here does not include sufficient evidence to support the superior court's finding that the Agreement was "fair and equitable."  Although the court's ruling relied on certain alleged facts that it characterized as "undisputed," including that (1) the Bar was profitable, (2) Wife spent "$105,000 from the business funds on personal expenses," and (3) Wife "appropriated $22,000 from business liquor sales," Wife alleged conflicting facts.  Therefore, it was incumbent on the court to consider any relevant evidence produced by the parties.

¶15        As the party challenging the Rule 69 Agreement, Wife bore the burden of proving a defect in the Agreement.  *See* Ariz. R. Fam. Law P. 69(B).  The superior court, however, failed to provide Wife an opportunity to satisfy her burden.  At the status conference, Wife attempted to offer documentary evidence, but the court refused its admission.[4]  Moreover, although the court permitted Husband to offer unsworn testimony, it did not provide Wife the same opportunity.  Rather than allowing the parties to introduce evidence, the court based its decision on the "avowals made by counsel."  *See Volk v. Brame*, 235 Ariz. 462, 464, ¶ 1 (App. 2014) ("We hold that when the resolution of an issue before the court requires an assessment

---

[3]        Husband did not file an answering brief, and we could treat his failure as a confession of reversible error.  In the exercise of our discretion, we elect to decide this case on the merits of the issues Mother has raised on appeal.  *See Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

[4]        Approximately two weeks before the status conference, Wife hand-delivered ten exhibits to the court, which she intended to introduce at the status conference.

of credibility, the court must afford the parties an opportunity to present sworn oral testimony, and may not rely solely on avowals of counsel.").

¶16　　　　In sum, the record is devoid of competent evidence to support the award of the Bar to Wife and the corresponding equalization payment to Husband.  Therefore, the superior court had an insufficient basis on which to determine that the Agreement was fair and equitable.[5]

¶17　　　　Wife also requests that we vacate the superior court's attorney fee's award to Husband and award her attorney's fees on appeal under A.R.S. § 25–324(A).  In ordering Wife to pay Husband the attorney's fees he incurred in litigating Wife's challenge to the Agreement, the court found that Wife acted unreasonably by submitting her motions to set aside the Agreement. Because the court erred in rejecting Wife's challenge without conducting an evidentiary hearing, we vacate the $2,050 fee award. Pending the ultimate outcome of these proceedings on remand, the court shall reconsider whether a fees award to either party is appropriate, including fees incurred by Wife in successfully pursuing this appeal.

---

[5]　　　We further note that the decree directed Wife to make an equalization payment to Husband "in lieu of spousal maintenance."  In *In re Marriage of Foster*, 125 Ariz. 208, 211 (App. 1980), this court held that the superior court abused its discretion by awarding one spouse a greater share of the community property in lieu of spousal maintenance.

## CONCLUSION

**¶18** For the foregoing reasons, we vacate paragraphs two and eight of the decree of dissolution, and the attorney's fees award to Husband. We remand for an evidentiary hearing to allow the court to independently determine whether the parties' Agreement is fair and equitable.[6] As the prevailing party on appeal, Wife is entitled to an award of costs upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[6] We recognize that neither A.R.S. § 25–317(B) nor our holding in *Sharp* explicitly require the superior court to hold an evidentiary hearing in all cases. If the record has sufficient evidence from which the court can determine whether a settlement agreement is fair and equitable, an evidentiary hearing may not be necessary. Here, the record reveals no such evidence.