NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

JOY RILEY, *Petitioner/Appellee,*

*v.*

RANDY RILEY, *Respondent/Appellant.*

No. 1 CA-CV 17-0398 FC
FILED 6-19-2018

Appeal from the Superior Court in Maricopa County
No. FC2016-093883
The Honorable Laura M. Reckart, Judge

**AFFIRMED**

COUNSEL

Fromm Smith & Gadow, PC, Phoenix
By Kathleen Stillman
*Counsel for Petitioner/Appellee*

Randy Riley, Gilbert
*Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Kenton D. Jones and Judge Jon W. Thompson joined.

_____

**B R O W N**, Judge:

**¶1** Randy Riley ("Father") appeals from the decree of dissolution ending his marriage to Joy Riley ("Mother"). For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

**¶2** Mother and Father were married for nine years and have two children together. In 2016, Mother petitioned for dissolution of their marriage. Following a half-day trial, the superior court entered a decree. As relevant here, the decree directed Father to pay child support of $535 per month. The decree also awarded Father the marital home, directing him to refinance by September 2017 and, if unsuccessful, to sell the home and divide the proceeds equally with Mother. The decree further provided for the division of community property and debt. This timely appeal followed.

**DISCUSSION**

**A.    Child Support**

**¶3** Father argues the superior court erred in calculating child support. Specifically, he contends the court improperly attributed monthly childcare costs of $480 to Mother in completing the child support worksheet even though Mother was not exclusively responsible for that cost and it would "end with the new school year." We will not disturb an award of child support absent an abuse of discretion. *In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331, ¶ 5 (App. 2001).

**¶4** The record supports the superior court's inclusion of childcare costs on the child support worksheet. Mother offered into evidence six checks made out to Dawn Spier, with a notation of "preschool" dating from August 2016 through January 2017. Four of the checks were for $480, the amount reflected on the worksheet. The checks were drawn on a bank account reflecting Mother's name only. At trial, Mother testified that these checks were for schooling and aftercare. Father did not rebut this

evidence and therefore the record supports the court's decision to attribute monthly childcare costs of $480 to Mother.

### B. The Marital Home

**¶5**        Father next argues the superior court abused its discretion by failing to determine a valuation date for the marital home. We review a court's determination of a valuation date for an abuse of discretion. *See Sample v. Sample*, 152 Ariz. 239, 242-43 (App. 1986) ("[T]he selection of a valuation date rests within the wide discretion of the trial court and will be tested on review by the fairness of the result.").

**¶6**        Per Father's request, the superior court awarded the marital home to him with the following conditions:

> IT IS ORDERED awarding the residence to Father and directing him to refinance the residence by no later than September 1, 2017. Within thirty days of the home being refinanced, Father shall pay to Mother her equal share of the equity in the home. If Father is unable to refinance by September 1, 2017, absent an extension being granted by this Court for good cause, Father shall then place the home up for sale and the proceeds equally divided between the parties.

We know from Father's motion to stay, filed with this court, that Father did not refinance the home by September 1, 2017, and that Mother sought to enforce the sale of the home as provided in the decree.

**¶7**        "The meaning of a decree is to be determined from the language used." *Stine v. Stine*, 179 Ariz. 385, 388 (App. 1994). Here, the decree provided that if Father was unable to refinance the home by September 1, 2017, then he was obligated to "place the home up for sale" and divide the proceeds equally between the parties.[1] Father asserts "there is a genuine dispute between the [p]arties" as to the value of the marital home and the superior court abused its discretion by "not identifying the

---

[1]        Father offered no evidence that any increase in the home's value was due to anything other than market forces. The superior court determined the equity in the home belonged to the marital community and both parties were entitled to share in the home's appreciation. Although Father argues that Mother has not contributed to the mortgage payments since moving from the home, he fails to acknowledge he has continued to live in and enjoy the benefits of the home, while Mother has not.

value of the residence, which could have been done in Post Evidentiary Hearing." Because Father did not refinance the home, a determination of the home's value on any given date is moot. Pursuant to the decree, the home's value will necessarily be established through its sales price. At closing, the proceeds will be applied first to cover outstanding indebtedness against the home, with the remaining proceeds to be divided equally between Mother and Father.

¶8 We find no abuse of discretion in the superior court's treatment of the marital home.

### C. Property Division

¶9 Father next argues there was a "very noticeable assignment of debts and assets which were not balanced, equitable, or proportionate." As noted by Father, the superior court assigned him approximately $12,800 more debt than it assigned to Mother; however, he fails to counter Mother's argument that he received a greater share of the couple's personal property.

¶10 Pursuant to Arizona Revised Statutes ("A.R.S.") section 25-318(A), the superior court must divide all community property in a dissolution proceeding "equitably, though not necessarily in kind." "The statute requires a substantially equal distribution of community assets in the absence of a compelling reason to the contrary." *Kelly v. Kelly*, 198 Ariz. 307, 309, ¶ 7 (2000). An equitable division "is a concept of fairness dependent upon the facts of particular cases." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). We review the court's apportionment of community property for an abuse of discretion. *See Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005).

¶11 Father makes only general assertions in his opening brief about the superior court's overall division of community assets and debts, and his reply brief fails to address Mother's point that he received personal property worth "substantially more" than what she received. In their pretrial statements, each party included proposed lists of how the personal property division should be divided. Father indicated he was "not nearly as concerned with this division" as Mother, and "tried to be as generous as possible, but no agreement can be reached." At trial, Husband confirmed he was not asking the court to value the personal property, and no other testimony was offered by either party as to how that property should be divided. The court ultimately adopted Father's Exhibit D from his pretrial statement, which included his proposed division of the personal property along with the estimated value of each item. But many of the values had

been crossed out, presumably by Father; some were replaced with different, handwritten values while many were now listed with no value. For example, the original values of the two vehicles, indicating that Mother's Toyota van was "$2,000 upside down" and Father's Toyota Truck was $5,000, were both crossed out. On this record, there is nothing to support Father's assertion that the division of assets and debts was not equitable. Thus, we find no abuse of discretion.[2]

## CONCLUSION

**¶12**          Based on the foregoing, we affirm the decree of dissolution. Mother requests attorneys' fees on appeal. In the exercise of our discretion, we deny Mother's request for attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324(A). As the successful party on appeal, Mother is entitled to taxable costs upon her compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[2]          Father also suggests the superior court made an unequal division of property in lieu of spousal maintenance. *See In re Marriage of Foster*, 125 Ariz. 208, 210-11 (App. 1980) (A court may not award one party a substantially greater share of the community assets as a substitute for spousal maintenance). In the decree, the court initially stated that Mother was asking for spousal maintenance. However, the court later clarified that although Mother originally sought spousal maintenance, she ultimately withdrew her request. Thus, the court did not award spousal maintenance. Moreover, Father has not identified any evidence in the record supporting his assertion that the court's allocation of community assets and debts was affected by Mother's withdrawn request for spousal maintenance.