NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

JANETTE VALASEKOVA, *Petitioner/Appellee,*

*v.*

BRANISLAV FEDOR, *Respondent/Appellant.*

No. 1 CA-CV 23-0274 FC
FILED 5-7-2024

Appeal from the Superior Court in Maricopa County
No. FN2022-002529
The Honorable Monica Edelstein, Judge

**VACATED IN PART AND REMANDED**

COUNSEL

Janette Valasekova, Waddell
*Petitioner/Appellee*

Berkshire Law Office PLLC, Tempe
By Alexandra Sandlin, Keith Berkshire
*Counsel for Respondent/Appellant*

_____

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge Angela K. Paton and Judge James B. Morse Jr. joined.

_____

**C A T L E T T**, Judge:

¶1        Branislav Fedor ("Husband") appeals the superior court's Decree of Dissolution ("Decree") ending his marriage to Janette Valasekova ("Wife"), arguing the court erred in awarding Wife $2,500 per month in spousal maintenance for 5 years in lieu of valuing and dividing a community business.  We vacate the Decree in part and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2        Husband and Wife married in 2008 and have no children. Husband worked as an independent contractor until 2018, when he began buying, re-modeling, and re-selling houses.  Wife worked as a corrections officer until 2018, when she left that job to assist Husband's business.  In 2020, Husband formed B&J Home Renovations LLC ("B&J"), which conducts commercial and residential repairs and remodeling.  That same year, Wife began a new job working for a different state agency.

¶3        In 2022, Wife petitioned for divorce.  The parties agreed on all matters except the division of B&J and the amount and duration of spousal maintenance for Wife.  Wife sought spousal maintenance of $2,500 per month for 8 years; Husband argued Wife should receive $400 per month for 5 years.

¶4        Wife did not object to the court awarding B&J to Husband, but she requested payment for one-half of B&J's value, which she claimed was approximately $217,500.  She based that value on two things: (1) Husband provided her with a list of other businesses for sale and she took the average price of those businesses, and (2) B&J's gross profit was $278,805 in 2022.  Husband claimed B&J had no market value because it derived its income exclusively from his work.  Husband also asserted that, at most, B&J was worth $4,000, based on Husband's estimated value of B&J's tools and equipment.  Neither party retained an expert to value the business.

¶5             At trial, Husband and Wife testified regarding B&J's value. Wife explained that she tried to obtain an appraisal but did not have the necessary funds. Husband testified that he did not obtain an appraisal because the court did not require one, and he believed an appraisal would be based only B&J's profit and loss statement, which Husband provided to the court. He explained that he also compared B&J with other businesses currently for sale, but he concluded doing so would result in an inaccurate value because B&J had no physical location or guaranteed contracts.

¶6             The court entered the Decree, finding B&J was a community asset subject to division. The court concluded that it was "unable to accurately value [B&J] or determine the appropriate offset." The court declined "to 'audit' the Parties' tax returns submitted to determine the value of [B&J]" and concluded "the submitted records do little to assist the court." The court, therefore, awarded B&J to Husband.

¶7             Because the court could not "determine value for purposes of equalization of the community lien," it elected "to account for the award in conjunction with Wife'[s] Spousal Maintenance Claim." The court found that each of the spousal maintenance factors in A.R.S. § 25-319(A) entitled Wife to spousal maintenance. The court also found that "Wife has insufficient property" because the court was "unable to equitably divide the Parties assets-namely the business[.]" The court awarded Wife $2,500 per month in spousal maintenance for 5 years.

¶8             Husband timely appealed. We have jurisdiction. *See* A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶9             Husband argues the superior court erred in awarding Wife spousal maintenance of $2,500 per month in lieu of valuing and equitably dividing the business. We review an award of spousal maintenance and the distribution of community property for an abuse of discretion. *Cullum v. Cullum*, 215 Ariz. 352, 354 ¶ 9 (App. 2007); *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283 ¶ 14 (App. 2019). "An error of law constitutes an abuse of discretion," *State v. Bernstein*, 237 Ariz. 226, 228 ¶ 9 (2015), as does an order unsupported by the record, *Boyle v. Boyle*, 231 Ariz. 63, 65 ¶ 8 (App. 2012).

¶10           Community property should "be divided 'equitably' absent a sound reason otherwise appearing in the record." *Lehn*, 246 Ariz. at 283 ¶ 15; A.R.S. § 25-318(A). This "approach simply reflects the principle that community property implies equal ownership." *Toth v. Toth*, 190 Ariz. 218, 221 (1997). "Thus, in most cases, dividing jointly held property equally will

3

be the most equitable." *In re Marriage of Flower*, 223 Ariz. 531, 535 ¶ 13 (App. 2010). The superior court "has broad discretion in the specific allocation of individual assets and liabilities." *Id.* ¶ 14.

¶11        Husband does not challenge the court's conclusion that Wife was entitled to some spousal maintenance. Husband, instead, challenges the amount of spousal maintenance awarded, claiming the superior court could not increase spousal maintenance solely because it was "unable to accurately value the business or determine the appropriate offset[.]" Husband argues the superior court is not statutorily permitted to award Wife a higher amount of spousal maintenance in lieu of her interest in community property because "[s]pousal maintenance is intended to be based on a spouse's *reasonable needs*[.]" And because Husband contends that B&J was worth at most $4,000, the superior court should have awarded Wife maintenance of $400 per month for 60 months—the highest amount Husband claims he can pay.

¶12        Husband relies on *Buttram v. Buttram*, 122 Ariz. 581 (App. 1979) and *In re Marriage of Foster*, 125 Ariz. 208 (App. 1980). In *Buttram*, the superior court awarded the husband the family residence and the wife spousal maintenance to offset the "unequal division of community property." 125 Ariz. at 581–82. This court vacated the award, holding that spousal maintenance is justified only if it is "necessary for the spouse's support and maintenance . . . . not [as] a justification for failing to properly divide the community property." *Id.* at 582.

¶13        *Foster* was the mirror image of *Buttram*. There, the superior court awarded one spouse a greater share of the community property in lieu of awarding spousal maintenance. *See* 125 Ariz. at 210. This court also vacated that award, reasoning that "an award of a substantially greater share of the community assets" is not "appropriate as a substitute for an award of spousal maintenance." *Id.* Based on *Buttram* and *Foster*, Husband argues the superior court could not award Wife a greater amount of spousal maintenance in lieu of equitably dividing B&J.

¶14        Husband's reliance on *Foster* is misplaced. Here, unlike in *Foster*, the superior court did not award Wife a greater share of community property in lieu of spousal maintenance. To the contrary, the court awarded Wife a lesser share of community property in exchange for a greater amount of spousal maintenance. *Foster* is inapposite.

¶15        Turning to *Buttram*, a subsequently enacted statute has superseded the limitation discussed therein on the superior court's

4

authority to award more spousal maintenance in lieu of an equal division of community property. *See Young v. Young*, 1 CA-CV 17-0302 FC, 2018 WL 2248256, *2, ¶ 10 (Ariz. App. May 17, 2018) (mem. decision) ("*Buttram* was superseded by [A.R.S.] § 25-318(R)[.]").

**¶16** Enacted in 2008, A.R.S. § 25-318(R) states the following: "If any part of the court's division of joint, common or community property is in the nature of child support or spousal maintenance, the court shall make specific findings of fact and supporting conclusions of law in its decree." *See* 2008 Ariz. Legis. Serv. ch. 124 § 2. Under § 25-318(R), the superior court is authorized to divide community property through an award of spousal maintenance, where A.R.S. § 25-319(A) otherwise supports such an award. *See Parsons v. Ariz. Dep't of Health Servs.*, 242 Ariz. 320, 323 ¶ 11 (App. 2017). But *Buttram* remains good law in at least one respect—if the superior court does not satisfy the requirements of § 25-318(R), it may not use spousal maintenance as "a justification for failing to properly divide the community property." *See Buttram*, 122 Ariz. at 582.

**¶17** Here, it is unclear whether the superior court relied on § 25-318(R) as authority—the Decree does not mention that subsection. But nothing in § 25-318(R) suggests that the superior court must expressly reference that subsection for it to apply. Moreover, we assume the superior court knows the law, and we can affirm on any basis supported by the record. *Leflet v. Redwood Fire & Cas. Ins. Co.*, 226 Ariz. 297, 300 ¶ 12 (App. 2011). We therefore analyze whether the Decree satisfies § 25-318(R).

**¶18** Husband argues that even if § 25-318(R) permitted the superior court to award Wife her interest in B&J in the form of additional spousal maintenance, the "court's award . . . fails to meet the statutory requirement that specific findings of fact and conclusions of law must be made[.]" On this narrower point, Husband is correct. Section 25-318(R) requires the superior court to "make specific findings of fact and supporting conclusions of law in its decree." The Decree does not contain the factual findings required to divide B&J by awarding Wife additional spousal maintenance. *See Young*, 2018 WL 2248256 at *2 ¶ 10.

**¶19** The superior court did not make an express finding as to B&J's value. The court instead concluded that B&J's value was indeterminable. The record does not adequately support that conclusion. True, neither party submitted an expert valuation, making accurate valuation much more difficult for the court. But to properly proceed under § 25-318(R), the court needed to determine B&J's value as of the date Wife served Husband with the petition for dissolution.

¶20 The court has broad discretion to utilize the parties' conflicting valuation evidence. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347 ¶ 13 (App. 1998). Both parties testified as to B&J's value. The parties also submitted B&J's profit and loss statement, which showed a gross income of $278,805 in 2022. Wife testified that B&J is worth approximately $200,000 based on the value of other businesses and B&J's own profit and loss statement, and Husband expressed his belief that B&J is worth at most $4,000. *See United Cal. Bank v. Prudential Ins. Co. of Am.*, 140 Ariz. 238, 304 (App. 1983) ("[T]he valuation process is *not* solely the province of expert witnesses. An owner of property has, by definition, knowledge of the components of value that are useful in ascertaining value, and an owner, no less than an 'expert', can base his opinion of value on that knowledge."). The court also has discretion to rely on various other valuation methods. S*ee Kelsey v. Kelsey*, 186 Ariz. 49, 51 (App. 1996); *see also* Ariz. R. Fam. Law P. 72 (permitting the appointment of a special master to prepare a valuation).

¶21 Because the court did not include a finding regarding B&J's value, it is unclear what portion of the spousal maintenance award was intended to meet Wife's needs under § 25-319 and what portion was intended to compensate Wife for her share of B&J under § 25-318(R). It is apparent from the Decree that the court did not adopt Husband's $4,000 valuation, but the court also did not explicitly adopt Wife's $200,000 valuation. Without knowing what value the court used for B&J, if any, or what portion of the maintenance award was intended to compensate Wife for her share of that community asset, we cannot assess whether the maintenance award was appropriate. Similarly, we cannot assess whether the superior court properly divided the community's assets under § 25-318(A).

¶22 Because the Decree does not contain the findings required to award spousal maintenance in lieu of community property, we vacate the Decree in part. On remand, the court should equitably divide the community's interest in B&J and reassess Wife's spousal maintenance award consistent with § 25-319 and, if it so chooses, § 25-318(R). If the court again concludes that Wife should be awarded additional spousal maintenance in lieu of receiving payment for her community interest in B&J, the court should make "specific findings of fact and supporting conclusions of law in its decree." A.R.S. § 25-318(R).

¶23 Finally, Husband argues the superior court did not fully consider his ability to meet his needs when it awarded Wife $2,500 per month in maintenance. Because we vacate the superior court's order as to

6

the maintenance award and remand for the court to equitably divide the community's interest in B&J and then determine an appropriate spousal maintenance award, we need not address Husband's argument. Husband may raise his concern anew with the superior court.

**ATTORNEY FEES**

**¶24** Both Husband and Wife request attorney fees on appeal under A.R.S. § 25-324. Because Wife is neither the prevailing party nor represented by counsel, we deny her request. In the exercise of our discretion, we also deny Husband's request. As the prevailing party, Husband is entitled to his costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

**CONCLUSION**

**¶25** We vacate the Decree in part and remand for further proceedings consistent with this decision.

